UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARZUQ AL-HAKIM,

      Plaintiff,

vs.                                                    Case No. 8:04-cv-2693-T-23MSS

SOCIAL SECURITY ADMINISTRATION,
DEPUTY COMMISSIONER, LINDA S.
MAHON, et al.,

      Defendants.

---

## REPORT AND RECOMMENDATION

    This cause comes on for consideration upon the filing of Plaintiff's Verified Petition for Writ of Mandamus (Dkt. 1) and Affidavit of Indigency (Dkt. 2), which the Court construes as a Motion to Proceed in forma pauperis ("IFP"). Plaintiff filed a Petition for Writ of Mandamus regarding the alleged misappropriation, misuse and reduction of his supplemental security income ("SSI") benefits. This Motion was referred to the Undersigned for disposition pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b). Plaintiff seeks to proceed IFP pursuant to 28 U.S.C. § 1915.

    When considering a motion to proceed IFP made pursuant to 28 U.S.C. § 1915(a), "'the only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'" Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004)(quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). An affidavit filed in support should be accepted "absent a serious misrepresentation." Id. Here, Plaintiff swears in his verified Affidavit of Indigency (Dkt. 2) that he received no income during the twelve months preceding December 14, 2004. Plaintiff's Verified Petition for Writ of Mandamus, however, suggests

otherwise. There, Plaintiff states that he received a December SSI check for $363.00. Plaintiff attaches correspondence dated December 10, 2004, from the Social Security Administration ("SSA") stating that a check in the amount of $363.87 would be sent to Plaintiff's designated payee, Rudolph Harris ("Harris"), before December 13, 2004. Plaintiff also attaches a November 12, 2004, letter from Patricia Durham ("Durham") that suggests that Plaintiff received a cashier's check in the amount of $5,000.00 on October 26, 2004. Plaintiff's Petition states that he was incarcerated for the majority of the 2004 calendar year. Accordingly, Plaintiff states in his Affidavit of Indigency that his monthly obligation for rent or mortgage during 2004 was $0. When Plaintiff's Affidavit of Indigency and Verified Petition for Mandamus are read side by side, it appears that Plaintiff may have misrepresented his financial status during the 2004 calendar year.

Further, the IFP statute provides that the court shall dismiss a case proceeding IFP at any time if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Here, Plaintiff filed a Petition for Writ of Mandamus seeking an order "compelling a ministerial duty owed by Respondents to protect, supervise and investigate fraud practice upon the agency." Plaintiff alleges that in or around January 2003, his SSI check was fraudulently intercepted, endorsed and cashed by Beverly Taviera. He alleges that the matter was reported to the Tampa Police Department and a replacement check was ordered. He alleges that Respondent had a duty to give notice of the disposition of the matter pursuant to 5 U.S.C. § 551 and the Fourteenth Amendment to the United States Constitution. Petitioner further alleges that his new payee, Durham, misappropriated his funds in 2004. Petitioner finally alleges that a decrease in his social security benefits was "unfair" and violated the pay scale set by the SSA.

Plaintiff does not allege a cause of action pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), which provides for federal judicial review of final decisions made by the SSA. Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003); see also Haag v. Barnhart, 333 F. Supp. 2d 1210, 1212 n.2 (N.D. Ala. 2004)(stating that 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) applicable to SSI claims). Section 205(h) of the Social Security Act provides that section 205(g) is the *exclusive* means of judicial review for decisions made by the Commissioner. 42 U.S.C. § 405(h). Specifically, 42 U.S.C. § 405(g) provides that:

> [a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. (emphasis added).

Thus, to obtain judicial review of an SSA decision pursuant to the exclusive provision for review, 42 U.S.C. § 405(g), at a minimum a plaintiff must have presented a claim to the Secretary and exhausted the administrative process. Crayton v. Callahan, 120 F.3d 1217, 1220 (11th Cir. 1997).

Plaintiff alleges that the decrease in his SSI benefits was "unfair." The Social Security Act and Social Security Regulations promulgated by the SSA provide the appropriate procedure for contesting a benefits determination. See 42 U.S.C. §§ 1383(c), 405(g); see also 20 C.F.R. §§ 416.1407-416.1422. Thus, 42 U.S.C. § 1383(c)(1)(A) provides that the Commissioner shall provide, to anyone requesting a hearing within sixty days after notice of a determination, "reasonable notice and an opportunity for a hearing" regarding an eligibility determination or a *determination regarding the amount of benefits to be awarded.* The regulations provide that reconsideration is the first step in the administrative review process. 20 C.F.R. § 416.1407. Dissatisfied claimants are required to file a written request for reconsideration within sixty days after receiving notice of a

determination. 20 C.F.R. § 416.1409. Next, a claimant can request a hearing before an Administrative Law Judge. 20 C.F.R. § 416.1421. Finally, a claimant can request a review by the Appeals Council. 20 C.F.R. § 416.1455. Not only does Plaintiff fail to allege a cause of action pursuant to 42 U.S.C. § 405(g), but Plaintiff fails to allege any facts regarding the exhaustion of administrative remedies. Accordingly, even if Plaintiff had alleged a cause of action pursuant to 42 U.S.C. § 405(g), this Court would not have jurisdiction to review the decision of the Commissioner to decrease Plaintiff's benefits based on the allegations in the Petition. See, e.g., Asman v. Bowen, 1987 WL 123615 at *3 (D. Mass. Dec. 28, 1987)(finding that the Court was without subject matter jurisdiction when the plaintiff failed to exhaust his administrative remedies before filing a claim in Federal court regarding a reduction in his disability benefits). The December 10, 2004, letter attached to Plaintiff's Petition and addressed to Plaintiff's representative payee, Harris, specifically notified Plaintiff that he had sixty days to appeal the decision to reduce his SSI benefits and provided that a Request for Reconsideration form had to be filled out. There is no allegation that Plaintiff ever did so.

Plaintiff alleges that Durham misappropriated his funds. The Court recognizes that the Social Security Act provides that if the SSA is negligent in selecting a representative payee and that negligence results in misuse or misappropriation of the beneficiary's funds, the SSA is obligated to reimburse the beneficiary for the misused funds. 42 U.S.C. § 1383(a)(2)(E); 20 C.F.R. § 416.641; see also Cannon v. Apfel, 213 F.3d 970, 972 (7th Cir. 2000). Further, the Social Security Act requires the SSA to monitor representative payees. 42 U.S.C. § 1383(a)(2)(c). An individual who is dissatisfied with a designated payee has the right to a hearing by the Commissioner with judicial review available thereafter. Washington State Dept. of Social and Health Services v. Guardianship,

4

537 U.S. 371, 376 n.1, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003)(citing 42 U.S.C. §§ 405(j)(2)(E)(I),

1383(a)(2)(B)(xi)); see also 20 C.F.R. § 416.630. Here, Plaintiff does not allege a cause of action

pursuant to these sections.  Nor does Plaintiff allege that he exhausted his administrative remedies

with respect to any such claim.  See Blanchard v. Social Security Administration, 1993 WL 72353

at *2 (E.D. N.Y. 1993)(dismissing a complaint for lack of subject matter jurisdiction over a claim

for recoupment of misappropriated funds where the plaintiff had failed to exhaust her administrative

remedies).

  What Plaintiff does cite to is the Writ of Mandamus statute, 28 U.S.C. § 1361, which

provides that district courts have jurisdiction, in the nature of mandamus, to compel an officer of the

United States to perform a ministerial duty owed to the plaintiff.  Mandamus is an extraordinary

remedy that is only available when (1) the plaintiff's right to the relief requested is clear; (2) the

defendant has a clear duty to act; and (3) no other adequate remedy is available.  Cash, 327 F.3d at

1258 (citing Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980)).  The duty owed by the

defendant must be "a clear, nondiscretionary duty." Cash, 327 F.3d at 1258 (affirming dismissal of

a petition for writ of mandamus filed against the SSA where the court had no jurisdiction under 28

U.S.C. § 1361 because the ALJ had no clear duty to provide plaintiff with a hearing on her second

application for benefits).  Further, if a plaintiff has an alternate remedy, then mandamus may not be

had. Florida Health Care Association v. Pingree, 497 F. Supp. 107, 109 (M.D. Fla. 1980)(dismissing

the complaint for lack of jurisdiction under 28 U.S.C. § 1361 where plaintiffs had an available

administrative remedy); Laurie Q v. Callahan, 973 F. Supp. 925, 933 (N.D. Cal. 1997)(finding no

jurisdiction under 28 U.S.C. § 1361 where the plaintiff brought a claim for improper designation of

a representative payee but failed to exhaust all other avenues of relief and failed to demonstrate that designation of a payee was non-discretionary in nature).

Plaintiff fails to allege a clear, non-discretionary duty owed to him. Plaintiff alleges that the SSA owed him a duty to inform him of the results of an investigation performed by the Tampa Police Department. Plaintiff cites to 5 U.S.C. § 551, the definition section of the Administrative Procedures Act ("APA"), and to the Fourteenth Amendment. Plaintiff does not cite to a specific provision of the APA, nor has the Court located one requiring that the SSA give notice to an SSI beneficiary of the disposition of an investigation performed by a state police department. Further, "at a minimum, the Due Process Clause requires notice and the opportunity to be heard incident to the deprivation of life, liberty or property at the hands of the government." Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). Although Plaintiff cites to the Fourteenth Amendment and Due Process Clause, he does not allege any facts regarding the rejection of an opportunity to be heard.

In sum, Plaintiff has failed to state a claim for relief in that he has failed to allege a cause of action under 42 U.S.C. § 405(g), the exclusive provision for judicial review of a final decision of the SSA. Even if Plaintiff had cited this provision, Plaintiff failed to allege that he has exhausted the administrative remedies available to him with respect to the decrease and alleged misappropriation of his SSI benefits. Further, Plaintiff has failed to state a claim for relief pursuant to 28 U.S.C. § 1361 by failing to allege a clear, non-discretionary duty owed by the SSA to Plaintiff.

Accordingly, the Undersigned respectfully recommends that Plaintiff's Affidavit of Indigency (Dkt. 2), which the Court construes as a Motion to Proceed IFP, be **DENIED WITHOUT PREJUDICE** and that Plaintiff's Verified Petition for Writ of Mandamus (Dkt. 1) be **DISMISSED**

**WITHOUT PREJUDICE.** The Undersigned further recommends that Plaintiff be reminded that if he amends his complaint and seeks to proceed IFP, he must include his SSI income in his affidavit.

Respectfully **RECOMMENDED** on this _____ day of June 2005.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained within this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).